LALLANDE *vs.* TERRILL.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

LALLANDE
vs.
TERRILL.

|12  7|
|110 1092|

Where the petition is addressed to the District Court, for the particular district in which the suit is brought, it is sufficient, without naming it to be in the *state of Louisiana.*

The Code of Practice does not require the defendant's name and surname to appear at full length in the citation.

Amendments offering to set forth the true name of the defendant, when it is mistaken in the petition, ought to be permitted *instanter.*

An appearance and filing exceptions, by way of answer, are matters of right at any time before trial, on the tacit issue arising out of the judgment by default.

This is an action for the balance of an account, for advances, commissions, acceptances, and furnishing supplies to the defendant by the plaintiff, as a commission merchant.

The petition is addressed to the "District Court of the Eighth Judicial District, holding sessions in the parish of St. Tammany;" and sets out the sum due to be seven thousand and seventy-six dollars and thirty-four cents, according to an account annexed.

The defendant's name is stated in the petition to be Elisha Martin Terrill.

The citation was addressed to E. M. Terrill.

This suit was instituted the 21st of April, 1837, and the District Court for the parish of St. Tammany commenced its session on Monday, the first day of May following. On the fifth, a judgment by default was taken. The defendant obtained further time to answer in, and the cause continued to November term.

On the 7th of November, at the opening of the court, the plaintiff moved for the confirmation of his judgment, and offered to prove his demand. The defendant's counsel

objected, on the ground that exceptions to the petition were filed on the day preceding.

The plaintiff's counsel contended, that the exceptions must be treated as a nullity : *first*, because they were filed without leave of the court ; *second*, the judgment by default was not set aside ; and *third*, time had been allowed to answer. These objections were all overruled, and the opinion of the court excepted to.

The defendant's exceptions were :

1st. That the style and title of the court was not correctly stated.

2d. The citation did not set out the residence and surname of the defendant, as stated in the petition ; and

3d. Because the defendant is sued as "Elisha Martin Terrill," and process served on "*Elijah* M. Terrill."

The court sustained the exceptions of the defendant, and dismissed the suit. The plaintiff appealed.

*Louis Janin,* for the plaintiff, answered all the exceptions and objections taken in this case, and urged that it be reinstated and remanded for trial on the merits.

*Penn,* for defendant, contended, that the exceptions were filed in time, and should prevail. *Code of Practice,* 333.

2. The exceptions taken to the manner and form of the suit, are correct, and the judgment must stand. *Code of Practice,* 179, *Nos.* 2 and 3.

*Bullard, J.,* delivered the opinion of the court.

The defendant filed three exceptions to the petition and process in this case. 1st. That the style of the court is not properly stated. 2d. That the citation is defective, inasmuch as it does not set forth the name and surname of the defendant, in the manner they are in the petition. 3d. Because the respondent is not correctly named in the petition ; that Elisha M. Terrill is the person sued, and yet the sheriff served the citation on *Elijah* M. Terrill. These exceptions were sustained, the suit dismissed, and the plaintiff appealed.

EASTERN DIST.
February, 1838.

LALLANDE
*vs.*
TERRILL.

I and II. The two first exceptions may be disposed of by saying, that in our opinion, the description of the court, as that of the District, for the Eighth Judicial District, without adding the name of the state, was sufficient. All the courts are supposed to know and recognize the political divisions of the state; and that the code does not require the defendant's name and surname to appear at full length in the citation. *Code of Practice,* 179.

III. The last exception is of the nature of a plea in abatement and misnomer. As no replication is permitted, the plaintiff is considered as having denied the fact alleged in the exception. No proof was offered to show what was the real christian name of the defendant, and no opportunity was allowed the plaintiff to amend. We are of opinion, the court erred in sustaining the exception, and that justice required the case should be remanded, in order to give the plaintiff an opportunity to amend, if he thinks proper. Such amendments ought to be permitted *instanter,* and without delay.

But it is further contended on the part of the plaintiff, that the exceptions were irregularly filed, without leave of court, and after judgment by default.

The code provides, that if, three days after this judgment, the defendant *neither appears nor files his answer,* a definitive judgment will then be given, &c. *Code of Practice, article* 312.

The appearance and filing an answer, are matters of right at any time before the trial, upon the tacit issue made up between the parties by the judgment by default; and we are not prepared to say that the defendant may not file exceptions by way of appearance and answer, or wholly rely on such exceptions. In this case, it appears, the exceptions were filed, and consequently known to the plaintiff before the day on which he was entitled to final judgment, on proving his demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, the non-suit set aside, and the case reinstated and remanded for further proceedings, according to law; and that the appellee pay the costs of this appeal.

Where the petition is addressed to the District Court, for the particular district in which the suit is brought, it is sufficient, without naming it to be in the *state of Louisiana.*

The Code of Practice does not require the defendant's name and surname to appear at full length in the citation.

Amendments offering to set forth the true name of the defendant, when it is mistaken in the petition, ought to be permitted *instanter.*

An appearance and filing exceptions by way of answer, are matters of right at any time before trial, on the tacit issue arising out of the judgment by default.