No. 3687

Second Circuit

AMERICAN NATL. INSURANCE CO. v. COOK ET AL.

(November 7, 1930.  Opinion and Decree.)

Foster, Hall, Barret & Smith, of Shreveport, attorneys for Cruelle Cook.

Herndon & Herndon, of Shreveport, attorneys for appellee, Ammie Miles.

WEBB, J.  Plaintiff, American National Life Insurance Company, availing itself of the provisions of Act No. 123 of 1922, deposited in court the amount of a policy of insurance written by it on the life of Ellen Miles, and cited, as adverse claimants of the fund, Ammie Miles, Willie Collins, and C. C. Cook.

The petition was filed on April 24, 1925, and service of process made on the adverse claimants as directed by section 4 of the statute, that is, in the same form and manner as service and citation in civil suits, and the delay for answering expressed in the citations was ten days from the date of service.  All of the parties answered prior to any default having been entered against them, and each claimed the fund.  However, Ammie Miles was the only one who answered within the period stated in the citation, while the answer of Collins and Cook was filed about three days after the period stated in the citation, and Ammie Miles filed a plea of estoppel against Collins and Cook, based upon section 5 of the statute, which provides:

"That the failure of any one so cited to appear and answer within the time required by law, shall thereafter estop said person from claiming said money."

On trial of the plea there was judgment in favor of Ammie Miles, sustaining the plea and ordering the fund delivered to him, and Collins and Cook appeal.

The statute under which the plaintiff proceeded provides, as stated, that service of process shall be made as in civil suits, and that the delays for answering shall be the same; and, as in ordinary civil suits, no decree can validly be rendered until

issue is joined by answer or on default, and then only on due proof of the correctness of the demand.

Appellants contend that the answer filed by them before any default was sufficient, as it must be conceded would have been the case in an ordinary civil action (article 314, Code Prac.).

While it is apparent that the statute which authorized the plaintiff insurance company to interplead the adverse claimants to assert their claims to the fund was to enable the insurance company to be relieved of liability as to all parties impleaded, it is certain, we think, that it was not the intention of the Legislature to provide that a claimant should be permitted to take the fund without due proof of the correctness of his claim; and, in order to make proof of the claim, it was essential that issue should have been joined, either by answer or by default against the parties to be affected, and we are of the opinion that the answer filed by Collins and Cook, prior to any default having been entered, was on time, and that the cause, as between the defendants or parties impleaded, must be tried on the issues presented by their answers.

The judgment sustaining the plea of estoppel and ordering the fund deposited by plaintiff in the registry of the court paid over to Ammie Miles is therefore avoided and set aside, and it is now ordered that the cause be remanded for trial on the issues presented by the answers of the parties impleaded; Ammie Miles to pay all costs of the appeal, and all other costs to await the final decree.

ODOM, J., dissents.