## PRUDENTIAL INS. CO. OF AMERICA v. JOHNSON et al.

### No. 16385.

Court of Appeal of Louisiana. Orleans.

June 1, 1936.

L. H. Gosserand, of New Orleans, for appellant Daffney Johnson.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee Sadie Johnson.

Normann & McMahon and Harold M. Rouchell, of New Orleans, amici curiæ.

WESTERFIELD, Judge.

The plaintiff, the Prudential Insurance Company of America, availing itself of the provisions of Act No. 123 of 1922, deposited on September 9, 1935, in the registry of the civil district court for the parish of Orleans, the sum of $1,000, the amount of a policy of insurance issued to Isaac Johnson and caused Sadie Johnson and Daffney Johnson, rival claimants, to be cited. Citation issued in accordance with the prayer of plaintiff's petition on the 9th of September, 1935, and Sadie Johnson was served on the 13th and Daffney Johnson on the 18th. Sadie Johnson filed her answer on September 19th and Daffney Johnson on October 10, 1935. Meanwhile, on October 3, 1935, preliminary default was entered as against Daffney Johnson on motion of attorney for plaintiff, and, on October 7, 1935, defendant Daffney Johnson was granted an additional ten days in which to answer by order of court.

Sadie Johnson filed a plea of estoppel as against Daffney Johnson based upon the contention that, under the interpleader stat-ute (Act No. 123 of 1922), the failure to answer within ten days is fatal to the claim of any party impleaded and that the order extending the time within which to file an answer was improvidently issued because, at the time it was applied for, more than ten days had elapsed since the service of citation. The plea of estoppel was maintained and judgment rendered awarding the $1,000 deposited by plaintiff to the claimant Sadie Johnson, as the beneficiary of the insurance policy issued by plaintiff. Daffney Johnson has appealed.

The statute under which the plaintiff instituted this proceeding provides for the deposit of funds claimed by two or more persons in the registry of the court of proper jurisdiction and for the citation of all parties in interest "in the same form and manner as service and citation in civil suits, and the delays for answering shall be the same." Section 4. The act further provides that the failure of any person "so cited to appear and answer within the time required by law, shall thereafter estop said person from claiming said money." Section 5.

The following articles of the Code of Practice are pertinent:

Art. 180: "The delay to be expressed in a citation consists of ten days to be counted from the time the citation has been served, which are allowed to the defendant to comply with the demand of the petitioner if the defendant resides in the place where the court is held, or within ten miles of such place. If the defendant resides at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear; the delay in no case shall exceed fifteen days in all. In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires are included."

Art. 314: "If the defendant, on the very day when a definitive judgment by default was to have been rendered against him, appear and file his answer, the first judgment taken shall be set aside."

Art. 316: "When the defendant appears, he may pray for further time to answer, and the court may grant a further delay, if necessary for the purposes of justice."

Art. 317: "It shall be sufficient in all cases for a defendant to file his answer at

any time before the confirmation of a judgment taken by default against him."

It is the contention of appellant that, since the default judgment taken against her on October 3, 1935, was not confirmed by definitive judgment at the time the answer was filed, it was "within the time required by law." Hasam v. McVittie, Man. Unrep.Cas. 192; Union Nat. Bank v. Choppin, 46 La.Ann. 629, 15 So. 304; Lallande v. Terrill, 12 La. 7; Cusachs v. Dugue, 113 La. 261, 262, 276, 36 So. 960.

In the case of American Nat. Ins. Co. v. Cook et al., 14 La.App. 665, 130 So. 667, the precise question under consideration here was decided favorably to the contention of the appellant here. Our brothers of the Second circuit held that it was sufficient for a party impleaded in a concursus proceeding to answer before the confirmation of a default:

"The statute under which the plaintiff proceeded provides, as stated, that service of process shall be made as in civil suits, and that the delays for answering shall be the same; and, as in ordinary civil suits, no decree can validly be rendered until issue is joined by answer or on default, and then only on due proof of the correctness of the demand.

"Appellants contend that the answer filed by them before any default was sufficient, as it must be conceded would have been the case in an ordinary civil action (article 314, Code Prac.)."

Counsel appearing as amici curiæ in their brief direct our attention to the fact that in a concursus proceeding no default is necessary, citing Graphic Arts Bldg. Co. v. Union Indemnity Co., 163 La. 1, 111 So. 470. The question under consideration is the timeliness of the answer of a party impleaded, and, if the answer must be filed within ten days, it would be too late to file it after that time, whether there had been a default or not. On the other hand, if article 314 of the Code of Practice applies to parties-defendant in a concursus proceeding, the answer may be filed on the very day that a definitive judgment "was to have been rendered." There is no contention here that a definitive judgment had been rendered prior to the filing of the answer of Daffney Johnson. The interpleader statute declares that the delays for answering shall be the same as in civil suits, and, since in civil suits, or ordinary proceedings, a defendant may file his answer at any time prior to definitive judgment, as provided in article 314 of the Code of Practice, we see no reason why he cannot do likewise in interpleader proceedings.

This was the view of our brethren of the Second circuit in American Nat. Ins. Co. v. Cook, supra, and we are in accord with them.

For the reasons assigned, the judgment appealed from maintaining the plea of estoppel as against Daffney Johnson is overruled and this cause remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with this opinion.

Reversed and remanded.