## LOUISIANA INDUSTRIAL LIFE INS. CO., Inc., v. TILLMAN et al.*

### No. 16503.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

Robert A. Ainsworth, Jr., and Rudolph O. Vorbusch, both of New Orleans, for appellant Mahalia Banks Turner.

John T. Charbonnet, of New Orleans, for appellee Essie Tillman.

JANVIER, Judge.

This is a contest between rival claimants for the proceeds of a policy of industrial life insurance.

On May 21, 1934, Louisiana Industrial Life Insurance Company, Inc., issued to Samuel Turner a policy of life insurance. It provided that in the event of his death the proceeds would be paid to "Essie Tillman—Dependent." It also contained the well-known and often-discussed "facility of payment clause," under which the insurer was granted the right, in the event of the death of the assured, to obtain a full and complete discharge of its obligation under the policy by making payment "to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense .on behalf of the insured, or for his or her burial."

On February 20, 1936, shortly before his death, the assured had summoned to his bedside an attorney and had informed him of his desire to make a change of beneficiary. His attorney obtained from the insurance company a form prepared by it for use in making such application for change of beneficiary and the assured then executed the form in the presence of witnesses and in it requested that his beneficiary be changed from "Essie Tillman—Dependent," to "Mahalia Banks Turner—Mother." His attorney then, by mail, forwarded the said application for change of beneficiary to the insurance company. Two days later the company wrote to the attorney advising him that, since the policy had not been returned with the application, the change could not be made until the assured should execute a lost policy affidavit. The company also required that a nominal fee of a few cents be paid as the expense of making the change. Though the letter stated that the application for change of beneficiary was returned, it was not, as a matter of fact, returned to the assured, nor to his attorney,

*Rehearing denied Jan. 25, 1937. Writ of certiorari refused March 1, 1937.

and, on the trial of the case below, it was produced in court by the attorney for the insurance company. On February 23, 1936, Samuel Turner, the assured, died before he could execute the affidavit requested, without having made payment of the nominal fee requested by the company. The original beneficiary, Essie Tillman, made claim on the insurer for the proceeds of the policy and Mahalia Banks Turner, the mother of the assured, to whom he had attempted to make the proceeds of the policy payable, also demanded that she be recognized as beneficiary. Thereupon the insurance company, taking advantage of the interpleader statute (Act No. 123 of 1922), filed this proceeding and deposited in the registry of the court the proceeds of the policy.

Judgment was rendered in favor of the original beneficiary, Essie Tillman. Mahalia Banks Turner, the mother of the insured, to whom he attempted to make the proceeds payable, has appealed.

Since the decision of this case in the court below there was presented to us, in the matter of Wickes v. Metropolitan Life Insurance Company, a case involving facts admittedly almost identical with those found here. That case bears No. 16417 of our docket and is reported in 170 So. 48, 53. There the assured had secured from the Metropolitan Life Insurance Company a policy of insurance in which the insurance company had agreed to pay the proceeds to his executor or administrator. The policy contained the facility of payment clause. Before the death of the assured, application had been made to designate a Mrs. Katie Wickes as beneficiary and, though the application apparently had been rejected by the insurer for technical reasons, the fact of the rejection had not been communicated by the company's agent to the assured. Later, on the death of the assured, a controversy arose between one Ruth Martin Duhaney, who appeared as an heir of the assured and as administratrix of his succession, and Mrs. Katie Wickes, whom the assured had attempted to designate as beneficiary. We held that, where an insurer inserts in a policy of insurance technical requirements in connection with applications for change of beneficiary, these requirements may be waived by the insurer and that no person may object to such waiver except one who has acquired a vested interest in the proceeds of the policy, and that where, in such case, the insurer deposits the proceeds in court and calls on all claimants to assert their claims thereto, including the person to whom the assured attempted to make the proceeds payable, such deposit and interpleader proceedings constitute a waiver by the insurer of the said technical requirements. There is, as we have said, no distinction between the facts of that case and the facts of the case at bar, except that here there was a beneficiary originally designated by the assured.

It is contended by counsel for said original beneficiary, to wit, Essie Tillman, that, by reason of the fact that she had been designated originally as beneficiary, she had a vested interest in the policy which could not be taken away from her by a waiver by the insurer of the technical requirements of the policy. But that question was squarely presented in the Wickes Case and there we said that, because of the fact that the policy contained the facility of payment clause, the original beneficiary had acquired no vested interest in the proceeds of the policy. We feel it unnecessary to again cite the various decisions of this and other courts, which we considered in the Wickes Case. All of the questions presented we thoroughly considered and discussed there.

Counsel for Essie Tillman, however, again calls our attention to the case of New York Life Insurance Company v. Murtagh, 137 La. 760, 69 So. 165, 167, in which, it is true, the court said:

"The rights of the beneficiary were fixed at the death of the insured, and could not be affected by any subsequent acts of the insurance company, or the personal representatives of the deceased."

But, as we found in the Wickes Case, the facts of the Murtagh Case were vastly different because, in the Murtagh Case, there was no facility of payment clause. In distinguishing the Murtagh Case we said:

"When the insured died, Miss Delery was the named beneficiary, and her right became vested and fixed. She, having a vested right, could well complain that the change attempted by the insured was not effective because of his failure to obtain the consent of the company. But, in the case at bar, by virtue of the facility of payment clause, the right of the named beneficiary did not become vested or fixed at the death of the insured; on the contrary, the company had the right to ignore the

named beneficiary completely and pay the proceeds over to whomsoever it decided was equitably entitled thereto."

It is also contended that the case of Metropolitan Life Insurance Company v. Lewis (La.App.) 142 So. 721, is authority for the view that the rights of the beneficiary were fixed at the death of the insured. But there, again, the court did not have before it a policy which contained a facility of payment clause.

It thus appears that 'Essie Tillman, the original beneficiary,·having no vested interest in the proceeds of the policy, may not be heard to complain that the insurance company has not insisted on the technical requirements inserted where change of beneficiary is desired to be made. Since she cannot be heard to complain and since the company itself has waived those requirements by making the deposit and filing the interpleader proceeding, the only question remaining is whether or not Mahalia Banks Turner may be permitted to receive the proceeds. She, the mother of the insured, as a relative by blood, was included among those named in the facility of payment clause to whom payment might be made. There is nothing to show that the other claimant, to wit, Essie Tillman, is included among the persons referred to in that clause.

Under all the circumstances of the case, we feel, as we did in the Wickes Case, that we should invoke our equity powers to determine to which of the rival claimants the proceeds should be paid, and, when the matter is looked at from this point of view, it becomes apparent that the mother of the deceased should receive the proceeds.

There can be no question that the assured desired to change his beneficiary and to name his mother as the person to whom the proceeds should go. As we said in the Wickes Case:

"He did everything within his power, before his death, to effect a change of beneficiary by naming her as such, in the place of his executor or administrator. To deny his wishes in the premises would be not only inequitable, but unjust."

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, : and that there now be judgment in favor of Mahalia Banks Turner and against Essie Tillman, decreeing the said Mahalia Banks Turner to be entitled to the sum of $243 deposited in the registry of the First city court in this proceeding, after the deduction therefrom of the court costs incurred by Louisiana Industrial Life Insurance Company, Inc.

It is further ordered, adjudged, and decreed that the claim of Essie Tillman be and it is dismissed at her cost.

It is further ordered, adjudged, and decreed that the Louisiana Industrial Life Insurance Company, Inc., be and it is hereby discharged from any further liability.

Reversed.