## PRUDENTIAL INS. CO. OF AMERICA v. JOHNSON et al.
## No. 16590.

Court of Appeal of Louisiana. Orleans.

Feb. 23, 1937.

L. H. Gosserand, of New Orleans, for appellant Daffney Johnson.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee Sadie Johnson.

WESTERFIELD, Judge.

The Prudential Insurance Company of America filed a petition of interpleader in the civil district court for the parish of Orleans pursuant to the provisions of Act No. 123 of 1922. It alleged that on the 30th day of March, 1932, it had issued a "group" policy of life insurance to one Isaac Johnson in the sum of $1,000; that Sadie Johnson was designated in said policy as the beneficiary; that on July 3, 1935, "the said Isaac Johnson requested your petitioner in writing, that he desired a change made in the beneficiary in said policy hereinabove referred to, from Sadie Johnson, wife, to Daffney Johnson, mother, which request was duly registered by your petitioner as requested"; that Isaac Johnson died in the city of New Orleans on July 31, 1935; and that proof of loss in due form was submitted on behalf of Daffney Johnson, but that payment of the proceeds to Daffney Johnson was protested by Sadie Johnson upon the ground that the application for change of beneficiary purporting to have been signed by the insured, Isaac Johnson, was a forgery. One thousand dollars, the face value of the policy, was deposited in the registry of the court and Sadie and Daffney Johnson were impleaded. Sadie Johnson answered and claimed the proceeds of the policy on the ground that the alleged change in the beneficiary was a forgery. Daffney Johnson answered averring that she had been legally and properly substituted as beneficiary by her deceased son and that she was entitled to the proceeds. Thereupon Sadie Johnson filed a plea of estoppel as against Daffney Johnson based upon the contention that the answer filed by Daffney Johnson was not filed within the ten days allowed by law, and, though within an extension of time ordered by the court, the order granting the extension was improvidently and improperly issued. The trial court sustained the plea of estoppel, dismissed Daffney Johnson's claim, and rendered judgment in favor of Sadie Johnson for $1,000, the entire proceeds of the policy. Upon appeal to this court, the judgment was reversed and the case remanded for further proceedings. See 168 So. 381.

When the case was again called for trial in the court below, counsel for

Daffney Johnson moved the court to enter judgment for his client upon the face of the papers. The court properly refused counsel's motion upon the ground that plaintiff in rule was under the necessity of proving the genuineness of the decedent's signature on the application for change of beneficiary, notwithstanding the allegation in the petition of interpleader upon which counsel evidently relied to the effect that application had been duly made and registered with the insurer. Counsel for Daffney Johnson then attempted to introduce the testimony of Percy Johnson, which had been taken by deposition in the city of Shreveport, for the purpose of proving the genuineness of insured's signature to the application. Upon objection of counsel for Sadie Johnson, the evidence was excluded, the court saying:

"It appears to me that the objection made to any attempt to prove the genuineness of the signature, that until it be proven that the requirements of the group policy and the certificate have been complied with, would be a useless waste of time of this court. The language is as clear as the English language can make it, until those formalities are complied with, that no change in the beneficiary takes place. Counsel for Daffney Johnson says he has no proof that the requirements of the policy have been complied with and it seems to me it would be useless to go further and the objection is sustained."

Judgment in favor of Sadie Johnson was thereupon rendered for the proceeds of the policy, and, following the refusal of a motion for new trial, an appeal was again taken to this court by Daffney Johnson.

The provision of the policy with respect to the change of beneficiary is as follows:

"Any person insured hereunder may at any time while insured hereunder change his (or her) Beneficiary or Beneficiaries by written notice through the Employer to the Company at its Home Office, on a form furnished by it. Such change shall take effect when due acknowledgment thereof is furnished by the company to such person insured and all rights of his (or her) former Beneficiary or Beneficiaries shall thereupon cease."

█ Counsel for Daffney Johnson, in application for a new trial filed below and in brief and argument here, insists that the judge a quo was mistaken, in that part of his ruling wherein he announces that counsel for Daffney Johnson had stated in open court that he had no proof that the requirements of the policy had been complied with. It seems to us that there must have been some misunderstanding, because the very essence of Daffney Johnson's case consists in the allegation and proof of a change of beneficiary by Isaac Johnson, the insured, a change which, obviously, must have been effected in accordance with the terms of the policy contract. Perhaps counsel meant to say that he had no proof of acknowledgment by the insurer of insured's application for change of beneficiary. At any rate, we believe the court below erred in excluding the proffered testimony.

The first step to be taken in order to establish compliance with the policy provision was proof of written notice by the insured to the insurer of the insured's desire to change the beneficiary. This was the purpose for which the testimony of Percy Johnson was offered. Whether or not Daffney Johnson will be able to show "due acknowledgment" by the company of the written notice is, for the present, beside the question. Counsel for Sadie Johnson appears to be under the impression that such acknowledgment should have been produced as the beginning of proof of compliance with the terms of the policy before evidence of the genuineness of the signature of Isaac Johnson. This was the basis of his objection and forms the theme of his argument and brief in this court. Perhaps Daffney Johnson will be unable to produce such acknowledgment, which may never have been issued by the insurer. The question will then arise as to whether the failure of the insurer to acknowledge receipt of the notice which it alleges it received on July 3, 1935, by July 31, 1935, the date of the death of insured, would constitute a waiver of the provision of the policy suspending the effect of a change in beneficiary until due acknowledgment of the application has been issued by the company. See Wickes v. Metropolitan Life Ins. Co., 170 So. 48; Louisiana Industrial Life Ins. Co. v. Tillman et al., 171 So. 583, recently decided by this court. For the present, however, it is sufficient to say that the case should be remanded to permit Daffney Johnson to prove the averments of her answer to the effect that she has been legally substituted as the beneficiary in the policy under discussion bearing upon the life of her son, Isaac Johnson, deceased.

For the reasons assigned the judgment appealed from is reversed, and this case ordered remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with this opinion.

Reversed and remanded.