JANVIER, Judge.
This matter is before us on appeal from a judgment granting to a person, who designates himself as James Sykes, an injunction preventing execution against him under a judgment rendered against Sam Sypes.
In an automobile accident in July, 1939, Rose Butler sustained physical injuries. She filed suit for damages against Milton Sypes, Viola Sypes and Sam Sypes. According to the return of the office of the Civil Sheriff of the Parish of Orleans, Citation was served on Sam Sypes at his domicile 2606 Louisiana Avenue “by leaving same * * * in the hands of his wife, Mrs. Sam Sypes.” None of the other defendants was served. Sam Sypes did not answer and in due course, on April 1st, 1941, judgment for $1,000.00 was rendered in favor of Rose Butler against Sam Sypes. This judgment was signed on April 7th, 1941.
On September 5th, 1950, the plaintiff, in the same proceeding, filed a rule on the judgment debtor “to determine the amount of the debtor’s estate and the location of assets to be levied upon * * In this motion it was set forth that the name of the judgment debtor was Sam Sypes but that he was also known as James Sykes. This rule was served personally at the domicile of James Sykes or Sam Sypes, which domicile was 2825 Washington Avenue.
In compliance with the order to show cause why he should not be examined on all matters pertaining to his estate and property, there appeared before the district judge a person who now says that his name is James Sykes but whose testimony was taken under the name “James Sypes.” The wife of this person also appeared and her testimony was taken. She was asked whether she was the wife of Sam Sypes, and she said: “Yes.”
According to the testimony of the husband, his name is James Sykes, though he admitted that he was -also known by the name of Sam. He said “that is a nickname,” but when he was asked whether people called him Sam, he said: “That is right.” He also admitted that at the time the original petition was filed he resided at 2606 Louisiana Avenue, which, according to the return of the sheriff, was his domicile at which service was made.
We also again call attention to the fact that, though he says his name is James Sykes, the stenographic report of the testimony given sets forth his name as James Sypes. His wife, Sally, also confirmed the fact that at the time the original suit was filed the family domicile was 2606 Louisiana Avenue, though she says that she does not recall having received the citation. She stated that though her husband’s name was James, he, was usually called Sam. She added: “I calls him Sam.”
It is also made very clear from the testimony of both of these persons that James Sykes or Sam Sypes — whatever his correct name may be — -was the person whom plaintiff intended to make defendant in the original suit. Among other things which indicate this, we find that the plaintiff in injunction himself stated that the automobile which was involved in the accident, on which the suit was based, was one which had 'been purchased in his name, though he contended that it did not actually belong to 1pm.
As a result of this testimony given on the rule to examine the judgment debtor, the person who had appeared and given testimony under the name James Sykes (sometimes known as Sam Sypes), filq,d in this same proceeding a petition praying that the plaintiff who had secured the judgment be enjoined from attempting to execute it against him. He filed this injunction proceeding under the name, James Sykes, and alleged that “he is not known, nor has he *206 ever been known as Sam Sypes.” In answer to the petition for injunction plaintiff averred that the plaintiff in injunction, James Sykes, is also known by the name Sam Sypes, and that the latter name is either an alias of James Sykes or is his correct name.
When the petition for injunction came up on the application for the preliminary injunction, it was agreed by counsel that the matter should be tried on .the merits, and accordingly counsel for defendant in injunction, plaintiff in the original damage suit, stated to the district judge: “ * * * I propose to prove that the Sam Sypes named in the original petition in cause No. 233 098 is the same person as the James Sykes against whom execution was taken and that proper evidence would show that James Sykes was also known to others by the name of Sam Sypes and .that name was so similar that the citation on James Sykes would be equivalent to citation on Sam Sypes.”
The district judge ruled that this .testimony would not be admissible and that the plaintiff in the original suit defendant in the injunction proceeding — should not be permitted to prove that Sam Sypes and James Sykes are one and the same person. Judgment was then rendered granting the injunction - and the plaintiff and the Civil Sheriff for .the Parish of Orleans were enjoined from proceeding further with execution under the writ of fieri facias which had been issued.
It is interesting to note that in the injunction proceeding James Sykes alleged that he was not the Sam Sypes against whom judgment had been rendered and not only did he allege this in his petition, but ■he averred thkt he desired to make a part of his petition the testimony of himself and his wife, which had been taken on the rule to examine the judgment debtor.
As we have shown, this evidence shows co'nclusively that not only is he the identical person who was defendant in the original damage suit but that he was known as Sam Sypes.
If there was not in the record already the evidence of this man and his wife, which shows conclusively that he is the identical party sued, it might be necessary that the matter be remanded in order that counsel for plaintiff in the original suit might be afforded an opportunity to prove the identity of the person against whom execution has been issued, but in view of' the fact that that evidence is already in the record and that the plaintiff in injunction has himself made it a part of his petition for injunction, we see no necessity for a remand.
Counsel have cited several cases touching upon the doctrine “idem sonans” and upon certain legal questions which we need not consider. The only questions here are whether the person who was sued as Sam Sypes bore that name, is the person who was cited in the original suit and is the person against whom the judgment was rendered. We have no doubt at all of the correct answers to these questions.
The judgment which granted the injunction and from which plaintiff has appealed is annulled, avoided and reversed and the petition of James Sykes for injunction is dismissed at his cost.
Reversed.
REGAN, J., absent, takes no part