BOUTALL, Judge.
Plaintiff-appellant brought suit against Burton Blanchard and John Rhodes, individually and d/b/a Electronic Sales and Service for damages as a result of faulty service furnished it, and in due course received a default judgment against the defendants in those names. When plaintiff seized and filed garnishment interrogatories on bank accounts in that trade name and on companies owing the defendant funds in the said trade name, the defendant named Burton Blanchard filed injunctive proceedings asserting that his name was Burton Blancher, and that a judgment naming Burton Blanchard had no effect as to him.
While the injunctive proceedings were pending, the plaintiff filed a rule nisi requesting amendment of the original judgment from Burton Blanchard to Burton Blancher. The trial court was of the opinion that the judgment could not be amended but permitted the parties to introduce all of the evidence pertaining to the similarity of names and identity of Blancher for the purpose of completing the record. Judgment was rendered in favor of Blancher enjoining the seizures, and dismissing the rule to amend the name in the judgment. Plaintiff has taken this appeal from the rulings.
Appellant seeks relief under the provisions of LSA-C.C.P. article 1951 which states:
“Art. 1951 Amendment of judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.”
Our primary inquiry is thus directed to a determination of whether the changing of the name spelled Blanchard in the judgment to the name spelled Blancher is a change of substance or of phraseology. If the error is an error of substance, then we may not change the judgment, because it has long since been final. Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir., 1970); Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., 236 So.2d 536 (La.App. 4th Cir., 1970); Roddy v. Independent Oil and Chemical Workers Union, 233 So.2d 714 (La.App. 4th Cir., 1970).
We note that in the cases referred to, the changes sought were not of the nature *259 sought herein. In Levy v. Stelly, supra, there were two suits against defendant Stelly, one by Leon Levy and the other by Robert Levy. A judgment of dismissal was signed and due to error, dismissal was made as to Robert Levy rather than to Leon Levy. Since there were obviously two different such plaintiffs before the court, we held that this was an error of substance, and hence could not be changed under the provisions of Article 1951. Similarly, in Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., supra, a default judgment rendered by the court was rendered “against the defendants, Pioneer Oil and Gas Co., Inc., in solido * * * ” and the correction sought was to include the name of another defendant James R. Mary. We held that the inclusion of an additional defendant was a change of substance, and hence refused to permit amendment.
In Roddy v. Independent Oil and Chemical Workers Union, supra, after judgment against the named defendant was long since final, it was sought to amend the judgment to change the defendant’s name to that of Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local #4-750. In the summary proceedings brought to seek the substitution of the latter name for the named defendant, it was alleged that after the judgment had become final, the defendant changed its name to the latter name. We held that this was not a matter that could be considered under article 1951, because the presently named union did not receive its day in court complete with citation and petition, and was not an error or change contemplated under article 1951.
We are of the opinion that the factual situation in this case differs from the factual situation in the cases above referred to. In the present case, the trial court refused to permit the introduction of evidence to show that Blanchard and Blancher were in fact one and the same person, and that the only difference between the two was not a question of identity at all, but simply a misspelling of the name such that an “a” was used in place of an “e”, and an additional “d” was added at the end thereof. In this we believe he erred. The evidence should have been admitted and considered by the trial judge in order that he could determine whether the error was one of phraseology or substance.
An examination of the evidence tendered discloses that while the suit was brought against Blanchard, d/b/a Electronic Sales and Service, the documents attached to the petition in the name of Electronic Sales and Service were signed by Blancher. All of the evidence by both sides show conclusively that Blancher did do business under the trade name of Electronic Sales and Service at 2910 Chartres Street, where he was personally served with the judgment, and that he did live on Haney Drive at the address where service of citation and petition were made domiciliary upon his wife. Mr. Blancher did not appear in the trial of this case, because he died previous to the attempt to execute the judgment, however, his succession has been opened and the present claim listed is one of the claims against the estate, and there is at the present a dispute between Mrs. Blancher and John Rhode (erroneously spelled Rhodes in this case), as to the ownership of the business Electronic Sales and Service.
Considering this evidence, we conclude that the identity of Blancher as Blanchard is clearly established, and that the error is simply one of misspelling of his name, which can be corrected under the provisions of LSA-C.C.P. article 1951. He had all of the notice required by the law as to the existence of the original suit against him and was personally served with the copy of the judgment such that he could exercise his right to a new trial or appeal in case he chose to do so.
It may be conceded that there would be certain instances where misspelling of a party’s name may cause confusion and uncertainty, but such is not the case here. The error in spelling of the defendant’s name is a matter of little moment, and his *260 identity was fixed with certainty. Ansley v. Stuart, 123 La. 330, 48 So. 953 (1909), wherein the defendant’s name was incorrectly spelled “Steuart” in the minute entry of judgment and corrected ex parte by the trial judge.
Appellee urges to us that the judgment as rendered cannot be effective against Burton Blancher, because the petition, citation, and judgment are all against Burton Blanchard d/b/a Electronic Sales and Service, and hence the judgment is totally ineffective and null as against Burton Blancher. It is argued that Burton Blanchard is a different person than Burton Blancher, and that the addition of the trade name, Electronic Sales and Service, cannot create an effective judgment because of lack of proper citation. In the main, appellee relies upon LSA-C.C.P. article 736 which recites:
“A person who does business under a trade name is a proper defendant in an action to enforce an obligation created by or arising out of the doing of such business.”
As a consequence of this argument it follows that appellee also attacks the citation, or sufficiency thereof, on Burton T. Blancher, because obviously suit was not brought simply against Electronic Sales and Service, but against Burton Blanchard d/b/a Electronic Sales and Service. Presumably then reliance is placed upon LSA-C.C.P. article 1201, which recites:
“Citation and service thereof are essential in all civil actions * * *. Without them all proceedings are absolutely null.”
Article 1202 recites that the citation
“must contain * * * (3) The name of the person to whom it is addressed; * * * »
Thus it has been held that where citation was addressed, not in the name of the defendant, but in the name of the plaintiff, the citation was defective and a default judgment rendered was completely null and ineffective, even though defendant certainly knew that she was the party sued. Bertoulin v. Bourgoin, 19 La.Ann. 360 (1867).
"While complete lack of citation, or citation in the name of another person could not presumably be cured by default, our courts have recognized under prior codes of practice that incorrect spelling of defendant’s name on citation was a defect of form and not of substance and would not justify nullification of default judgment. Jourdan v. Hutton, 86 So.2d 223 (La.App. 1st Cir., 1956), wherein defendant (in original suit) was cited as “M. C. Jordan” whereas his correct name was Marvin C. Jourdan.
We refer also to two cases wherein the defendant was erroneously named both in petition and citation. See Surety Credit Co. v. Bauer, 1 La.App. 285 (1924) wherein “Frank Brown” was in reality Francis Brown. See also C. C. Snider Cigar and Tobacco Co. v. Anselmo, (unreported) Orleans Court of Appeal No. 9376 (1924), wherein “Mardo Anselmo” was in reality Nardo Anselmo.
LSA-C.C.P. article 5051 provides that the articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. We cannot conclude that the misspelling of the ending of one name out of a series on the citation is of such gravity as to constitute the present proceedings null and void. The defendant was sued and cited under the name of Burton Blanchard, d/b/a Electronic Sales and Service instead of Burton Blancher, d/b/a Electronic Sales and Service. Under our liberalized system of pleading, we cannot hold that such a simple typographical or orthographical error would strike an entire proceeding with nullity. While we are quick to agree that such mistakes should not happen, yet nevertheless, because of the human element involved, they sometimes do.
*261 If we were to adopt the opposite result, those provisions of the Code of Civil Procedure relating to objections and exceptions to citation may simply be disregarded, and a litigant would be well advised to instead let matters proceed to final judgment and then, upon execution, appear in court and recite that he is not answerable to the judgment. A minor error, easily correctable by amendment, could thus have the result of completely defeating a just claim of plaintiff. See for example Lallande v. Terrill, 12 La. 7 (1838) wherein the defendant’s name was contended to be either “Elisha” or “Elijah”.
It is our opinion that where the error is a simple misspelling which is apparent on the face of the proceedings, our liberalized rules of procedure contemplate an opportunity for correction. We refer, for example, to the case of Butler v. Sypes, 53 So.2d 204 (La.App. Orleans 1951), wherein the name of defendant was variously stated as Sam Sypes, James Sykes and combinations of the two. After hearing, it does not appear that the court concluded which name was precisely correct, but had no difficulty in determining that the person against whom execution was sought was indeed the same person sued and cited.
It is contended to us that the doctrine of idem sonans is applicable to this case, and that the misspelling may be simply disregarded and judgment enforced against Blancher. It appears on the face of the proceedings that this may be so, particularly in view of the rationale announced in the cases of Ansley v. Stuart, supra; Bonnette v. Flournoy, 9 La.App. 467, 119 So. 736 (2nd Cir., 1929); and Town of Mandeville v. Paquette, 153 La. 33, 95 So. 391 (1922). However, a hearing was had here and the evidence was presented, and we prefer to render judgment on the record as it is presently constituted. The judgment on rule refusing to permit the amendment of the default judgment is reversed.
Since we permit the amendment to be made, it follows for the same reasons that the injunctions issued restraining the seizures under fieri facias and garnishment proceedings must be recalled and annulled. Butler v. Sypes, supra.
Accordingly, the judgments appealed from are reversed and annulled and there is judgment rendered in favor of plaintiff-appellant amending the default judgment dated October 19, 1970, to read against the defendant Burton Blancher, instead of Burton Blanchard. There is further judgment recalling and annulling the writs of injunction issued and dismissing the rules for injunctions filed by Mrs. Nancy Nuebel Blancher, administra-trix of the Succession of Burton T. Blancher. Appellee is cast for costs in both courts.
Reversed.