GARRISON, Judge.
Percy Thompson sued George Matthieu for breach of contract. Thompson misspelled defendant’s name on the petition, *193 which showed the name as “George Matthews.” The petition was served by domiciliary service; defendant took no action in response to it and, as a result, plaintiff obtained a $10,000 default judgment against defendant. In accord with La.C. C.P. Art. 1913, a copy of the judgment was served on defendant, but Matthieu still made no move. Plaintiff subsequently attempted to execute the judgment; however, the Civil Sheriff refused to seize defendant’s property because defendant’s name was misspelled in the pleadings.
As a result, plaintiff filed a rule to show cause why the correct spelling of defendant’s name should not be inserted in the record. The motion was served personally on defendant, who appeared and testified at the hearing. The district court rendered judgment granting plaintiff’s motion and inserting defendant’s correct name in the pleadings. Defendant has appealed.
Defendant-appellant claims the original default judgment was null because service of process was improperly made. He further claims that the district judge erred in ordering defendant’s name corrected in the record.
Defendant’s attempt to object to service of process, in this appeal from the judgment correcting his name, comes too late. Once the default judgment on the merits became definitive and acquired the authority of the thing adjudged, any modification of that judgment had to be sought by an action for nullity and not by appeal from a subsequent judgment.
As to defendant’s contention that the trial judge erred in ordering that his name be changed in the pleadings, the situation is clearly covered by Wagenvoord Broadcasting Co. v. Blanchard, 261 So.2d 257 (La.App. 4th Cir. 1972). La.C.C.P. Art. 1951 allows the trial court to amend a final judgment at any time to alter the phraseology or to correct errors of calculation, but not to alter the substance. Here, as in the Wagenvoord case, the defendant’s identity is fixed with certainty, so that the error in spelling his name is of little moment. “He had all of the notice required by the law as to the existence of the original suit against him and was personally served with the copy of the judgment such that he could exercise his right to a new trial or appeal in case he chose to do so.” Wagenvoord Broadcasting Co. v. Blanchard, supra, at 259. The trial judge’s amendment in this case was correct under the authority of C.C.P. Art. 1951.
For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.