REDMANN, Chief Judge.
A mother appeals from a judgment that by its terms corrected an error in a consent judgment, thereby retroactively reducing child support from $300 to $150 every two weeks and refusing her an award for the amount by which the father had underpaid the amount of the consent judgment.
The testimony shows that the father’s only income was unemployment benefits of $205 a week. The intent of the father’s lawyer (and, he testifies, of the mother’s then lawyer as well) was to consent to a judgment for $300 a month, payable in two installments of $150 each. The mother’s then lawyer drew up the judgment reciting $300 every two weeks. The father’s lawyer did not read the judgment carefully but merely signed it and filed it with the court.
The father testifies that he noticed the error on receipt of a copy of the judgment and brought it to his lawyer’s attention immediately. His lawyer told him he would “take care” of it. The father therefore continued to pay $150 every two weeks.
The mother argues that the trial judge’s authority under La.C.C.P. 1951 to alter the phraseology of the judgment or to correct errors of calculation does not permit a change from $300 to $150 every two weeks. She argues that that is a change in substance, not permissible after the judgment becomes definitive; McGee v. McGee, 157 So.2d 312 (La.App. 4 Cir.1963); Hebert v. Hebert, 351 So.2d 1199 (La.1977).
Yet a judgment for child support, even after appeal time has passed, is always subject to reduction or increase as to the future. Such a judgment becomes definitive installment by installment. Thus the March 30, 1983 judgment here involved was no longer appealable as of May 10, 1983 when the wife sought enforcement of the $150 per installment underpayment. But it was then definitive only as to the past due installments from March 11 (the judgment provided they then began) through May 6. It is well arguable that the trial judge had no authority under C.C.P. 1951 to correct the error in the consent judgment insofar as those past-due installments are concerned.
The evidence clearly preponderates, nevertheless, that the consent judgment was the result of a mistake on the part of both of the attorneys who signed it to evidence the consent of their respective clients.
If the trial judge had made an award expressly for the $750 due under the mistaken consent judgment, he could have “for good cause,” La.R.S. 9:305, refused to award attorney’s fees. He could in any case have reduced future support payments to $150 every two weeks. And, by authority of C.C.P. 862, under the peculiar circumstances of this case, he could have reduced child support to zero for the first five two-week periods following his judgment, on the basis that that amount would be in effect supplied by the father by the $750 that the mother was to collect from the father for no reason other than the common mistake of the parties. We would have affirmed such a judgment. The judgment appealed from reaches substantially the same result, notwithstanding the objection that its form appears to modify a *118 judgment already definitive as to five installments when the rule to make executo-ry was filed.
Affirmed.