WARD, Judge.
The sole question in this suspensive appeal is whether the Trial Court erred in allowing an amendment of a property description in a 1977 judgment of possession. The appellant contends that the amendment of the property description was improper because the amended description represents property which was not included in the administration of the succession and the parties’ rights to the property should be litigated before the amended judgment of possession is rendered. We find that, although the parties may yet have disputed rights in the property, amendment of the judgment of possession does not affect those rights. Because there is no dispute as to what property should have been contained in the judgment of possession, the Trial Court did not err in ordering the amendment, and we affirm.
The disputed property, which is located in St. Tammany Parish, is part of a tract purchased by the decedent, Eleanor Kurtz Barone, and her second husband, Nunzio Barone, Sr., in 1951. On March 18, 1952, the Barones sold the part of the tract which lies north of U.S. Highway 190 to George M. Kellett but retained the portion south of the highway.
Mrs. Barone died in 1972, survived by her husband and three children: a son and daughter from her marriage to Nunzio Bar-one, Sr. and Richard N. Ward, Jr., a son from her first marriage. Nunzio Barone, Sr. was named administrator of the succession. He filed a descriptive list of the succession assets, including the St. Tammany property. The legal description of the property was incorrect. Rather than the property south of Highway 190 which the Barones had retained, it described a portion of the tract which had been sold to Kellett in 1952.
That description of the property was, unfortunately, carried forward into the judgment of possession, dated April 13, 1977, which again described the property which the Barones had sold in 1952. That judgment placed Mrs. Barone’s three children in possession of an undivided one-half interest in the property which had belonged to the community, including the erroneously-described St. Tammany tract. In a private settlement agreement executed the day before the judgment of possession, Richard N. Ward, Jr. agreed to sell to his stepfather, Nunzio Barone, Sr., “all his right, title and interest in and to the remaining assets” of his mother’s succession in exchange for a cash payment, plus Barone’s waiver of his usufruct over property inherited by Ward, and other consideration. In compliance with that agreement Ward executed an act of sale conveying to Barone specified personal and real property including the St. Tammany real estate, once again erroneously described. That act of sale was duly recorded in St. Tammany Parish.
*155 Nunzio Barone, Sr. later died, and the St. Tammany property was inherited by Nun-zio Barone, Jr. who then sold it to Sunbelt Title Corporation. When Sunbelt attempted to transfer the property, it discovered that the title was “clouded” due to the erroneous description in the sale from Ward to Barone, Sr. Sunbelt filed a “Petition to Declare and Determine Title and Respective Interests in Real Property” in the 22nd Judicial District Court for St. Tammany Parish. Soon afterward, Ward filed in Civil District Court for Orleans Parish a petition to reopen the succession, alleging that he had discovered property not listed in the judgment of possession but which had been owned by Mrs. Barone at the time of her death. The succession was reopened and Ward was appointed administrator. He filed a motion to amend the descriptive list, which was granted on August 27, 1985. The amendment described the property south of Highway 190 which was retained by the Barones when they sold the parcel north of the highway to Kellett in 1952. The amended descriptive list valued the property at $17,500.00.
Meanwhile, the 22nd Judicial District Court dismissed Sunbelt’s suit to clear the title, and on December 5, 1985, Sunbelt, joined by Nunzio Barone, Jr., filed a rule in Civil District Court to show cause why the property description in the judgment of possession should not be amended. The rule sought to substitute in the judgment of possession the description of the property south of Highway 190, exactly the same description which had already been substituted in the descriptive list by Ward.
At the hearing on Sunbelt and Barone’s rule to amend the judgment of possession, Ward’s attorney argued that the judgment of possession should not be amended before the parties litigate the issue of the rights they have to the property under the private settlement agreement and the sale from Ward to Barone. Nonetheless, the Trial Judge ordered that both the descriptive list and the judgment of possession be amended, leaving open the question of the property’s value.
Ward appeals, reasserting his claim that the property was newly discovered property not included in the succession nor in the original judgment of possession. Therefore he argues the Trial Court’s merely substituting the correct description in the judgment of possession deprives him of his right to litigate in the reopened succession the parties’ rights to the property. We disagree and affirm the Trial Court judgment.
The judgment of possession, dated April 13,1977 placed Ward and his step-siblings in possession of their portions of the St. Tammany property — albeit erroneously described. By a private settlement agreement dated April 12, 1977, Ward had agreed to sell the interest he was to receive in the St. Tammany property, and he did so by an act of sale dated June 13, 1977. The Trial Court’s amendment of the judgment of possession merely corrects the description of the property Ward received from the succession and in no way affects the settlement agreement or sale. Contrary to his assertions, Ward is not prejudiced by an amendment of the judgment of possession; he is merely now being given property which he should have received in 1977 in indivisión with his step siblings.
Consequently, even after the amendment of the judgment of possession, Ward is free to attack the settlement agreement to have it set aside. Sunbelt and Barone Jr. are also free to sue to correct the description in the Act of Sale from Ward to Barone, Sr. because it is apparent that by that sale Ward attempted to convey property which he did not own— property which his mother and step-father had sold to George Kellet in 1952. We do not, however, have before us, and the Trial Court did not have before it, issues of either the settlement agreement or the sale.
For the foregoing reasons the judgment of the Trial Court is affirmed. All costs to be paid by the parties jointly.
AFFIRMED.