CIACCIO, Judge.
George Cosentino, Jr. appeals from judgments of the district court which awarded Sharon Cosentino permanent alimony of $625 per month and child support of $245 per child per month for each of their five children. We affirm the judgments of the district court.
In his appeal to this court defendant contends the trial court erred in (1) awarding the plaintiff permanent alimony and (2) awarding support payments which constituted 75% of his net income.
The record reveals that the parties were married on April 2, 1966 and have five children.[1]
On March 7,1986, plaintiff, Mrs. Cosenti-no, filed a suit for divorce on the grounds of adultry.
In the alternative, she sought a legal separation on the basis of her husband’s abandonment and cruel treatment.
Mr. Cosentino filed an answer to his wife’s petition and in a reconventional demand he sought a separation on the basis of his wife's habitual intemperance, cruel treatment and constructive abandonment.
On April 30, 1986 a trial was had on the issues of alimony pendente lite, child custody and support.
The trial court rendered judgment on May 6, 1986 awarding Mrs. Cosentino custody of the five minor children, child support payments of $245 per month per child, until each child attained the age of 19 years or graduated from high school[2], medical and dental coverage for the plaintiff and the children, and use of the family’s home and station wagon. The court also awarded Mrs. Cosentino alimony pendente lite of $625 per month.
On May 15,1986 the trial court granted a new trial on the issue of the defendant’s visitation rights and ordered the Children’s Bureau of New Orleans to conduct mediation with the parties on this issue.
A trial on the issues of separation and divorce was held on June 11, 1986.
On June 18, ,1986 the court signed a judgment granting the plaintiff a legal separation and finding plaintiff “essentially free of material fault so as not to preclude plaintiff from recovering permanent alimony.” The court also granted the plaintiff a divorce on the grounds of the defendant’s adultery. Defendant filed an application for a new trial which was denied by the court on October 21, 1986.
On October 31, 1986 the court granted the defendant’s motion for a devolutive appeal.

Plaintiffs Right to Permanent Alimony

On June 11, 1986 following the trial on the issues of separation and divorce the following colloquy occurred:
THE COURT: Case No. 86-4156, entitled Sharon Ann Heck Cosentino versus George Cosentino, Jr.
Before the Court this day are presented the issues relating to separation and divorce. The Court, first of all, will continue in full force and effect all previous orders of the Court.
Taking together the issues of divorce and separation, the Court has heard the testimony of the parties and of the witnesses. The Court notes with particularity the testimony of the three private investigators, Mr. Walkden, Mr. Villarru-bia, and Mr. Hallard. Based upon that testimony, the Court believes that there is significant evidence and substantial ev *503 idence by a preponderance of the evidence that Mr. Cosentino has committed adultery and accordingly will issue a judgment of divorce on the ground of adultery.
With respect to the issue of separation on the grounds of abandonment and mental cruelty brought by Mrs. Cosentino and the reconventional demand of Mr. Cosentino alleging habitual intemperance, and essentially cruel treatment is the sum and substance of the allegations, the Court finds, based upon the testimony, that there is sufficient evidence of cruel treatment on the part of both parties, but that Mr. Cosentino’s is ever so slightly greater.
The Court notes with particularity that there is evidence in the record to support a lack of conjugal services, and the Court reiterates its earlier finding that his fault was ever so slightly greater than hers on a balance.
I don’t know what else to do with it.
MR. TOUPS: Well, Your Honor, will the judgment reflect mutual fault?
THE COURT: Well, I don’t know whether it means mutual fault or not. I’m saying that there is fault. I’m saying that his is just ever so slightly greater.
* * * * * * '
Thereafter, on June 12, 1986 the trial court issued the following “Additional Reasons Clarifying Judgment”:
ADDITIONAL REASONS CLARIFYING JUDGMENT
In rendering its judgment on 11 June 1986, the Court determined that Mr. Co-sentino’s fault was greater than Mrs. Cosentino's. By that finding of fact, the Court’s intent was not to preclude Mrs. Cosentino from recovering permanent alimony upon a proper showing of need. Mrs. Cosentino was essentially free of material fault.
On June 16, 1986 the court rendered the following judgment which was in accord with his clarification:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of SHARON ANN HECK COSENTINO, granting her a separation “a mensa et thoro” finding that both parties have been at fault, but that the fault of defendant, GEORGE COSENTI-NO, JR., was greater than the fault of plaintiff, SHARON ANN HECK COSEN-TINO, and further that SHARON ANN HECK COSENTINO was essentially free of material fault so as not to preclude plaintiff from recovering permanent alimony;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, SHARON ANN HECK COSENTINO, and against defendant, GEORGE CO-SENTINO, JR., decreeing a divorce “a vinculo matrimonii” on the grounds of adultery;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all previous judgments of this Court shall continue to remain in full force and effect until further orders of this Court.
Defendant contends that the trial judge erroneously reversed the June 11th judgment and finding by his clarification and written judgment rendered June 16, 1986. We disagree.
Louisiana Code of Civil Procedure Article 1961 provides for the amendment of a final judgment:
Art. 1961. Amendment of judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) to correct errors of calculation.
In the judge’s reasons from the bench he said that he found that Mrs. Cosentino's fault was less than that of her husband. In further clarification of that position the trial judge stated that Mrs. Cosentino’s fault was not of a material nature so as to preclude her recovery of alimony. As such the judge did not change the substance of his judgment but merely clarified his rea *504 soning thereon. This assignment of error lacks merit.
The defendant contends that Mrs. Cosen-tino’s “fault” was serious misconduct of such a nature as to preclude her recovery of alimony.
In order to recover permanent alimony, the spouse seeking it must be free from fault and not have sufficient means for their support. La.C.C. Art. 160.
In Bruner v. Bruner, 364 So.2d 1015 at 1017 (La., 1978) the Louisiana Supreme Court, citing Adler v. Adler, 239 So.2d 494 (La.App., 4th Cir., 1970) discussed the issue of fault:
To constitute fault within the meaning of Article 160, the wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband.
* * * * # *
In this case the trial judge apparently found that Mrs. Cosentino’s misconduct was not of a “serious nature” and “an independent contributory or proximate cause of the separation.”
The defendant testified that his wife was guilty of habitual intemperance. This testimony was refuted by the plaintiff and Catherine Eikel, a nurse trained in work with the chemically dependent.
Mr. Cosentino also claimed that his wife was guilty of constructive abandonment in that she continually asked him to leave the matrimonial domicile. Mrs. Cosentino testified however that she did not ask her husband to leave but rather wanted to seek counseling and her husband refused.
Finally, Mr. Cosentino testified that his wife engaged in cruel treatment in that she did not attend to her wifely and motherly duties including her conjugal services.
Again, Mrs. Cosentino refuted her husband’s testimony. Although she admitted withholding conjugal services for a short period before her husband left the family home, she stated that her reason for so acting was because she felt her husband was being unfaithful and she feared the possible transmission of a venereal disease.
The trial judge observed the witnesses and evaluated their testimony. He found that Mrs. Cosentino was essentially free of material fault. The record supports his findings and we cannot say they are clearly wrong.

Amount of Support Payments

The defendant alleges that his support payments are excessive in that they constitute 75% of his net salary.
In its judgment of May 6, 1986 the trial judge ordered the defendant to pay “child support in the amount of $245 per month per child which child support payments shall continue until the earlier of each child’s attainment of the age 19 years or graduation from high school and provided further that no child support shall be owed past a child’s eighteenth birthday if such child is not a student in secondary school.” The court also ordered defendant to pay the plaintiff alimony pendente lite of $625 per month.
In support of this judgment the court found that Mr. Cosentino’s gross salary is $3,490 per month, with a net monthly salary of $2,479.12.
The record reveals that in addition to his monthly salary, Mr. Cosentino enjoys the benefits of a company car and expense account.
Mrs. Cosentino is a high school graduate who has been a full time wife and mother to the couple’s five children (four of whom are currently minors). She resides in the family home and incurs monthly house notes of $750, utilities of approximately $325 per month, food expenses of $800 per month, an automobile payment of $362.21 and the monthly tuition expenses in excess of $500 per month.
At the present time, Mrs. Cosentino and her four minor children are living on the support payment of $1605 per month and Mr. Cosentino is living with his mother on the remainder of his net salary in the amount of $874.12. Under these circumstances, we cannot say that the support *505 payments ordered by the trial court were excessive and an abuse of discretion.
For the reasons assigned the judgment of the trial court is affirmed at defendant’s cost.
AFFIRMED.

. At the time of this appeal the children were ages 19, 15, 13, 10 and 5 years of age respectively.

. This provision for child support until age 19 was contained in a mediation agreement approved by both husband and wife prior to trial. The judgment merely implemented that agreement. By operation of law, child support terminates at age 18. La.C.C. Art. 29. Ramos v. Ramos, 425 So.2d 989 (La.App., 5th Cir., 1983).