LCHARLES R. JONES, Judge.
Defendant/Appellant, Allstate Insurance Company, appeals the judgment of the district court in favor of Plaintiff/Appellee, Jorge Flores, awarding damages in the amount of $8,099.74. Following a review of the record, we affirm the judgment of the district court.

FACTS

On January 1, 1998, Mr. Flores was employed as a valet by Crescent Hotel. Mr. Paul Dibenedetto, one of the original defendants, was a guest of the hotel. Mr. Flores was called to bring Mr. Dibenedet-to’s Toyota 4-Runner to the hotel. Mr. Flores parked the right side of the vehicle adjacent to the sidewalk. Mr. Dibenedetto opened the rear hatch of the vehicle, and both parties placed Mr. Dibenedetto’s luggage in the back of the truck. Mr. Diben-edetto was positioned between Mr. Flores and the curb; Mr. Flores was on the left side of Mr. Dibenedetto. After the luggage had been placed in the vehicle, Mr. Flores walked between the rear of the 4-Runner and Mr. Dibenedetto. However, Mr. Dibenedetto was closing the hatch of the vehicle, and the hatch-door struck Mr. Flores on the head.
|2As a result of this accident, Mr. Flores filed a petition against Mr. Dibenedetto and his insurer, Omni Insurance Company (hereinafter “Omni”) and Allstate Insurance Company (hereinafter “Allstate”), Mr. Flores’ U/M insurer. Prior to trial, Mr. Flores, Mr. Dibenedetto, and Omni reached a settlement agreement in the amount of $9,500. The policy limit on the Omni policy was $10,000. Thereafter, Mr. Flores proceeded with his claim against Allstate.
At trial, the parties agreed to two stipulations: 1.) Allstate’s policy of uninsured *1285 motorist coverage was in the amount of $10,000, and 2.) Allstate was entitled to a $10,000 credit representing the Omni policy limit. After hearing the matter, the district court rendered a judgment in favor of Mr. Flores for damages in the amount of $16,199.48. The district court reduced the judgment by fifty percent due to Mr. Flores comparative fault in the accident. The judgment stated that $8,099.74 was awarded against the defendants; however, the judgment listed the name of the attorney for Mr. Dibenedetto and Omni who had already been released from the suit. The judgment also excluded the name of the remaining defendant, Allstate, and stated that the sum included recovery for all claims.
Mr. Flores filed a Motion for New Trial and/or Argument for Correction of Judgment. Without holding a contradictory hearing, the district court amended the judgment casting Allstate in judgment for the sum of $8,099.74. Allstate now seeks this appeal.

AMENDMENT OF JUDGMENT

Both parties argue that the district court should not have amended the judgment without conducting a contradictory hearing rendering the judgment null and void.
hLa. C.C.P. art. 1951 states that “[a] final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.” Further, “[cjhanging the name of a party cast in judgment is a substantive change prohibited by Code of Civil Procedure article 1951.” Harvey v. Traylor, 96-1321, p. 5 (La.App. 4 Cir. 2/5/97), 688 So.2d 1324, 1329. “A substantive change requires a contradictory proceeding.” Harvey v. Traylor, 96-1321, p. 5 (La.App. 4 Cir. 2/5/97), 688 So.2d 1324, 1329, citing, Tolmas v. Weichert, 616 So.2d 244 (La.App. 4 Cir.1993), writ denied, 620 So.2d 878 (La.1993). However, the Louisiana Supreme Court in Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971) held that in absence of a clear showing in motion for new trial of facts or law reasonably calculated to change outcome or reasonably believed to have denied plaintiff a fair trial, trial court properly denied the motion summarily without holding a contradictory hearing.
Merely correcting the spelling of the defendant’s name is considered a substantive change to the judgment; therefore changing the defendant’s name is a substantive change. Although the district court made a substantive change to the judgment, in light of Sonnier, the defendant must demonstrate that there were new issues of facts or law that would reasonably change the outcome of the case in order to compel the district court to hold a contradictory hearing prior to making said change. Allstate failed to make such a demonstration. Thus, a contradictory hearing by the district court was not warranted before changing the named defendants in the judgment, and the amended judgment is valid.
| ¿Although the judgment fails to expressly indicate whether the district court considered the $10,000 stipulation, the district court knew which defendant was left in the case and whose liability was in judgment. Additionally, the record reflects that during trial the district court acknowledged the $10,000 credit to Allstate in light of the Mr. Flores’ settlement *1286 with Mr. Dibenedetto and Omni. Also, the district court not only cast the defendants in judgment for half of the awarded amount in the first judgment, but a subsequent amended judgment as well. The district court rendered a disposition with regard to the defendant, Allstate, which was before it. Hence, Allstate is responsible for the full amount awarded at trial.

ALLOCATION OF FAULT

Additionally, Mr. Flores argues that the district court erred by assessing him with him fifty percent comparative fault in the accident. Courts of appeal may not disturb findings of fact unless they are clearly wrong or manifestly erroneous. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993). We do not find that the judgment of the district court reached the bar of manifest error or clearly wrong. It is reasonable for the district court to have concluded that Mr. Flores had the responsibility to look out for his own safety as much as it was Mr. Dibene-detto’s responsibility to take care not to harm anyone while closing the trunk to his vehicle.

DECREE

For the foregoing reasons, the amended judgment of the district court is hereby affirmed to cast Allstate in judgment for the full amount of the award.

AFFIRMED.

MURRAY, J., DISSENTS WITH REASONS.