933 So.2d 814 (2006)
Robert DUBOSE
v.
The PLANT DEPOT.
No. 2005-CA-1149.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 2006.
Triscelyn Landor-McDonald, Trinity Law Center, L.L.C., New Orleans, LA, for Plaintiff/Appellee.
Val P. Exnicios, Liska, Exnicios & Nungesser, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR.).
PATRICIA RIVET MURRAY, Judge.
This is a workers' compensation case. On February 1, 2001, the Office of Workers' Compensation (OWC) rendered a default judgment awarding workers' compensation benefits to Robert Dubose. However, the default judgment was not rendered against his employer, the Plant and Palm Depot, Inc. Rather, the judgment was rendered against the Plant Depot, the entity Mr. Dubose incorrectly *815 named as his employer in his 1008 claim. To correct the error, Mr. Dubose filed a motion to amend the default judgment. The Plant and Palm Depot not only opposed the motion, but also filed an exception of prescription. The OWC overruled the exception of prescription and granted the motion to amend. From that judgment, the Plant and Palm Depot appeals. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On August 4, 2000, Mr. Dubose allegedly was injured in the course and scope of his employment with the Plant and Palm Depot. On August 15, 2000, Mr. Dubose timely filed a 1008 claim with the OWC seeking workers' compensation benefits. As noted, Mr. Dubose erroneously listed his employer as the Plant Depot.[1] A mandatory mediation conference was scheduled for November 3, 2000, and Mr. Dubose's employer was represented at the conference by Jimmy Costello.[2] At the mediation conference, Jimmy Costello signed as agent for the Plant Depot and waived service and citation.
On December 28, 2000, the matter proceeded to trial, but no one appeared on behalf of the employer. As noted, on February 1, 2001, the OWC rendered a default judgment against the Plant Depot awarding workers' compensation benefits to Mr. Dubose.[3] On August 17, 2004, Mr. Dubose filed a Motion to Amend 1008 and/or Motion to Enforce Judgment with the OWC. In response, the Plant and Palm Depot filed an exception of prescription and an opposition to Mr. Dubose's motion to amend.
On December 1, 2004, a hearing was held on this matter. On December 14, 2004, the OWC rendered judgment denying the exception of prescription and granting the motion to amend the default judgment to correctly name the employer as the Plant and Palm Depot, Inc., d/b/a Plant Depot.[4] In its reasons for judgment, the OWC recited the following findings of fact:
Claimant filed a 1008 against "Plant Depot" ATTN: Jimmy Costello." At the mediation conference, Jimmy Costello appeared and signed as agent for "Plant Depot" and waived Service and Citation.
The "Plant Depot" had no workers' compensation insurance in effect at the time of the accident.
Jimmy Costello allowed claimant to confirm a default judgment against the "Plant Depot." After Notice of Judgment, defendant did not file for a New Trial nor an Appeal.
Only when claimant sought to enforce the judgment did an attorney for the "Plant & Palm Depot, Inc." appear challenging the judgment and any attempts to correct the defendant's true name to *816 "Plant & Palm Depot, Inc. d/b/a the Plant Depot."
The "identity" of the defendant was certain. The identity was "Plant Depot" which was a d/b/a of "Plant & Palm Depot, Inc." All actions by and pertaining to the "Plant Depot" was by Jimmy Costello, who was one of the directors of the "Plant & Palm Depot, Inc." Jimmy Costello was the same one who did not purchase workers' compensation insurance and who failed to keep the "Plant & Palm Depot, Inc." in good standing with the Louisiana Secretary of State.
Hence, correcting the defendant's name from the "Plant Depot" to the "Plant & Palm Depot, Inc. d/b/a the Plant Depot," is of little moment." Wagenvoord [Broadcasting Co. Inc. v. Rurton Blanchard, 261 So.2d 257 (La.App. 4 Cir.1972)].
This timely appeal followed. On appeal, the Plant and Palm Depot argue the OWC erred in (i) allowing Mr. Dubose to alter the default judgment, (ii) failing to impose the burden of proof on Mr. Dubose to show that he worked for the Plant and Palm Depot, and (iii) denying its exception of prescription.

DISCUSSION
In workers' compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. Dean v. Southmark Const., XXXX-XXXX, p. 7 (La.7/6/04), 879 So.2d 112, 117. In applying the manifest error or clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Hudson v. Housing Authority of New Orleans, XXXX-XXXX, p. 7 (La.App. 4 Cir. 10/27/04), 909 So.2d 607, 611, citing Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/2/97), 704 So.2d 1161, 1164. Where two permissible views of the evidence exist, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. Id. If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556.

Assignment of Error No. 1: Error in Amending Judgment
The Plant and Palm Depot submits that the amendment of the default judgment by the OWC to correct the name of the employer is a substantive change prohibited by La. C.C.P. art. 1951.[5] Based on our review of the record, we find the OWC correctly applied the procedural law regarding the amendments of judgments. In this regard, the OWC stated in its reasons for judgment:
[T]he analysis (and which is consistent with all case law on this point of changing the defendant's name) revolves around a fact determination. Specifically, was the party who was served, who was aware of the lawsuit, who chose to defend or ignore the demands and/or lawsuit, who was involved in the actions that were the basis of the cause of action of the lawsuit  was that party the one and the same in reality as the defendant whose name was misspelled or incorrect on the judgment?

*817 In cases where the answers to these questions was "no," then the change of the name of the defendant was a "substantive change" and therefore could not be changed in a final judgment.
In cases where the answer to those questions were "yes," then the change of the name was not substantive. See Wagenvoord, supra; and Sherman[Shearman] v. Simpson, (3rd C.A.La.1972) 264 So.2d 713; and Thompson v. Matthews, (4th C.A.La. 1979)[,] 372[374] So.2d 192.
Succinctly stated, "Was the identity of the defendant fixed with certainty" so that the error in spelling his name (or incorrect name) is of little moment?
The jurisprudence the OWC cited accurately reflects that when the identity of the defendant is fixed with certainty, the amendment of the judgment to correctly reflect the name of the defendant is not a substantive change. Thompson, 374 So.2d at 193. In the present case, the record supports the OWC's factual finding that the identity of the employer was certain. Therefore, we find no error in the OWC's decision to allow the default judgment to be amended.

Assignment of Error No. 2: Failure to Impose Burden of Proof on Mr. Dubose
The Plant and Palm Depot argues that at no time during the trial or pretrial proceedings did Mr. Dubose allege or establish that he worked for it. This appeal, however, relates solely to the issue of Mr. Dubose's error in naming his employer in the petition. The merits of the underlying workers' compensation claim are not at issue. Regardless, the Plant and Palm Depot has never disputed that Mr. Dubose worked for the business entity operated by Mr. Costello, which was the Plant and Palm Depot.

Assignment of Error No. 3: Failure to Grant the Exception of Prescription.
The Plant and Palm Depot argues that Mr. Dubose's claim has prescribed pursuant to La. R.S. 23:1209, which requires an injured employee to file a formal complaint with the OWC within one year from the date of the accident. Mr. Dubose filed his initial workers' compensation complaint within days of the accident. We do not find, nor does the Plant and Palm Depot cite any authority to support the argument, that Mr. Dubose's subsequent request to amend the judgment falls within the parameters of the prescriptive period found in La. R.S. 23:1209.

DECREE
For the foregoing reasons, the judgment of the OWC denying the Plant and Palm Depot's exception of prescription and granting Mr. Dubose's motion to amend is affirmed.
AFFIRMED.
NOTES
[1] At the hearing in this matter, Mr. Dubose introduced a business card for the Plant Depot, which listed Jimmy Costello as the owner of the business.
[2] Jimmy Costello is listed as one of two directors for the Plant and Palm Depot, Inc. in the corporation's "Domestic Business Corporation Initial Report." Mr. Costello was also Mr. Dubose's immediate supervisor on the job.
[3] Thereafter, Mr. Dubose filed a Petition to Recognize Judgment in the 24th Judicial District Court for the Parish of Jefferson. The petition was dismissed, however, because the name of the defendant was incorrectly listed in the default judgment.
[4] The judgment further ordered the claimant's attorney to prepare the Amended Judgment. That judgment, dated February 2, 2005, reiterates the specifics of the Default Judgment regarding the award of compensation benefits.
[5] La. C.C.P. art. 1951 provides: "A final judgment may be amended by the trial court at anytime, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation."