STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1037


DONALD A. CROSS, ET UX.

VERSUS

TIMBER TRAILS APARTMENTS, ET AL.


**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,425
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.


AFFIRMED.

Larry B. Minton
P. O. Drawer 13320
Alexandria, LA 71315-3320
Telephone:  (318) 487-0115
COUNSEL FOR:
    Plaintiffs/Appellees - Donald A. Cross and Cynthia C. Cross

Richard Alan Rozanski
Wheelis & Rozanski
P. O. Box 13199
Alexandria, La 71315-3199
Telephone:  (318) 445-5600
COUNSEL FOR:
    Defendants/Appellants - Timber Trails Apartments, Timber Trails
    Apartments II, T. F. Management, Inc., and Thomas L. Frye

**THIBODEAUX, CHIEF JUDGE.**

This case involves a judgment rendered in favor of the plaintiffs, Donald A. Cross and Cynthia C. Cross (hereinafter, "the Crosses"), for injuries that Mr. Cross sustained in 1998 when he fell on the property owned and/or operated by the four defendants, Timber Trails Apartments, A Louisiana Partnership, Timber Trails Apartments II, A Louisiana Partnership en Commendam, T. F. Management, Inc., and Thomas L. Frye (hereinafter, "Timber Trails" or "the defendants"). The original judgment signed in 2004 awarded $54,500.00 to the Crosses. However, the judgment did not name any of the defendants in the litigation, but referred to them generally as "the defendants" in the opening and closing paragraphs. All four defendants appealed the original judgment, and this court affirmed the trial court in all respects without modification in April 2005. *See Cross v. Timber Trails Apartments*, 04-1623 (La.App. 3 Cir. 4/6/05), 899 So.2d 853.

In attempting to examine one of the judgment debtors, Thomas L. Frye, in order to collect the judgment, the Crosses sought to have the original judgment amended to specifically name the four defendants. In March of 2006, the trial court signed the amended judgment as presented by the Crosses. Timber Trails appeal. For the reasons set forth below, we affirm the judgment as amended by the trial court in 2006.

I.

**ISSUE**

We must decide whether the judgment as amended by the trial court changed the substance of the original judgment in violation of La.Code Civ.P. art. 1951.

II.

## FACTS AND PROCEDURAL BACKGROUND

On December 22, 1998, Mr. Cross sustained injuries when he fell on an outside stairway at the Timber Trails Apartment complex where he and his wife lived. Mr. and Mrs. Cross filed suit on December 20, 1999, naming four defendants, Timber Trails Apartments, A Louisiana Partnership, T. F. Management, Inc., Thomas L. Frye, and Timber Trails Apartments II, a Louisiana Partnership en Commendam. The suit alleged that Thomas L. Frye and T. F. Management, Inc. were owners of and partners in the Timber Trails Apartments. A single answer was filed by a single attorney, Mr. David Rothell, on behalf of all four defendants, "Timber Trails Apartments, Timber Trails Apartments II, T. F. Management, Inc., and Thomas L. Frye," as named in the opening paragraph. From the beginning of the litigation and thereafter, the four defendants acted in unison. Subsequent pre-trial pleadings were filed by Mr. Rothell on behalf of "Timber Trails Apartments, et al.," which is also the manner in which Mr. Rothell prepared the headings in his pleadings.

In August of 2003, without filing a motion to change or re-style the court heading, the defendants filed a motion and order to substitute their original counsel, Mr. Rothell, with new counsel, Mr. Richard Rozanski, calling themselves "Timber Trails Apartments Partnership and Calhoun Property Management, L.L.C." in the heading, in the opening paragraph, and in the prayer of the motion and order. The body of the motion stated that "said defendants had heretofore been represented in the matter by David A. Rothell." However, the new defense counsel, Mr. Rozanski, then reverted to the court's heading and referred to his clients as "Timber Trails Apartments, Timber Trails Apartments II, T. F. Management, Inc., and Thomas L. Frye," or as "Timber Trails Apartments, et al." in all remaining pleadings, including

2

the defendants' pre-trial memorandum and witness and exhibit list. No documents were ever filed to indicate that any individual defendant was splitting from the group or that any defendant was hiring separate counsel. At the trial of the matter, Mr. Rozanski appeared and presented himself as counsel for "Timber Trails Apartments and the remaining defendants."

Following a bench trial on March 11, 2004, judgment was rendered in favor of the Crosses. Written Reasons for Judgment were issued in July 2004, and the Judgment was signed on August 13, 2004. Both documents prepared by the trial court named the defendants in the heading as "Timber Trails Apartments, et al" and referred to them generally in the body of the documents as "the defendants." Following the opening paragraph naming counsel for "plaintiffs" and counsel for "defendants," the judgment provided as follows:

> The Court, now concluding that the law and the evidence are in favor of the plaintiffs, it is
>
> ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of plaintiff, Donald A. Cross, in the amount of $50,000.00 for his general and special damages, with legal interest thereon from the date of filing, December 20, 1999, until paid; It is further
>
> ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of the plaintiff, Cynthia C. Cross, in the amount of $4,500.00 for loss of consortium, together with legal interest thereon from December 20, 1999; it is further
>
> ORDERED, ADJUDGED AND DECREED that defendants are cast with all costs of court.
>
> THUS DONE AND SIGNED in Alexandria, Louisiana, this 13th day of August, 2004.

The original judgment did not anywhere within its margins provide the individual names of the four defendants cast in judgment but referred to them

collectively as "defendants" according to the now well-established pattern in the record.

In September 2004, the defendants filed a motion to appeal the above judgment, using the "Timber Trails Apartments, et al." heading and specifically referring to themselves in the opening paragraph as **"Timber Trails Apartments; Timber Trails Apartments II, A Louisiana Partnership in Commendam; T. F. Management, Inc.; and Thomas L. Frye (collectively referred to as the "Defendants")."** Additionally, Mr. Rozanski listed all four defendants in his signature block at the bottom of the motion for appeal.

Pursuant to the appeal filed by the defendants, a panel of this court issued a decision and opinion in *Cross v. Timber Trails Apartments*, 899 So.2d 853 listing all four of the original defendants as "Timber Trails Apartments, T. F. Management, Inc., Thomas L. Frye, and Timber Trails Apartments II, A Louisiana Partnership In Commendam" in the court heading, in the attorney block for Mr. Rozanski, and in the opening paragraph of the decision. The body of the opinion refers to the four defendants as "Timber Trails" or as "Defendants," and it affirms the original judgment of the trial court, which referred to the group collectively as "defendants."

Once the judgment was affirmed, the Crosses filed a motion to examine the judgment debtor, Thomas L. Frye, in order to collect the judgment awarded them. Mr. Rozanski filed an exception to venue on behalf of Mr. Frye and again listed all four defendants in his signature block at the bottom of the pleading. As a result of examining Mr. Frye, the Crosses filed a motion, on March 1, 2006, to amend the original judgment to specifically list each of the four original defendants referred to collectively throughout the litigation. The decree paragraphs in the amended

4

judgment would then reflect, as in the original, that judgment was being rendered "in favor of" Mr. Cross and Mrs. Cross respectively, but would insert—"and against Timber Trails Apartments, a Louisiana Partnership; T. F. Management, Inc.; Thomas L. Frye; and Timber Trails Apartments II, a Louisiana Partnership en Commendam—followed by the amounts awarded in the original judgment. The only insert requested was the naming of the defendants.

The defendants objected to the amendment, arguing that the proposed changes were substantive. However, on March 3, 2006, the same trial judge who tried the matter in 2004, and who now presided over the examination of the judgment debtor, drafted and signed an Amended Judgment reflecting the insertion, as requested, of the names of the four defendants cast in the judgment.

The defendants filed a motion for a new trial and supporting memorandum. In the heading, opening paragraph, and signature block of the motion for a new trial, Mr. Rozanski referred to his clients as "Timber Trails Apartments, et al." The Crosses filed an opposition brief. The hearing was held in open court on June 19, 2006. In introducing himself at the hearing, Mr. Rozanski referred to his clients as "Timber Trails Apartments," and he presented no argument or evidence that his clients were any other than, or any less than, the original four defendants named in the petition and referred to collectively throughout the litigation. As previously indicated, Mr. Rozanski himself had referred to them "collectively" as "the defendants." After hearing argument from both sides, which in effect was a contradictory hearing on the issue of the amendment language, the trial judge indicated that the defendants named in the amended judgment were the parties that had "been in the case since day one." Stating that the changes were not substantive,

5

but were merely clarifications, he denied the defendants' motion for a new trial and let the amendment stand.

Mr. Rozanski filed a motion for a devolutive appeal on the amended judgment, using the heading and references to his clients as "Timber Trails Apartments, et al." However, his appellate brief cover page is mistitled to reflect a filing on behalf of "Timber Trails Apartments Partnership and Calhoun Property Management, L.L.C." After a full review of the record in this appeal and the record of the previous appeal, No. 04-1623, we render judgment against the original four defendants who have acted in unison throughout this litigation, as named in the Petition For Damages, Timber Trails Apartments, a Louisiana Partnership; T. F. Management, Inc.; Thomas L. Frye; and Timber Trails Apartments II, a Louisiana Partnership en Commendam.

III.

## LAW AND DISCUSSION

**Louisiana Code of Civil Procedure Article 1951**

Timber Trails Apartments contends that the trial court erred in amending the judgment to provide the names of the four defendants because doing so constitutes a *substantive* change in the judgment which is prohibited by La.Code Civ.P. art. 1951, and which can only be made by a party's timely filing of a motion for a new trial or a timely appeal, or by consent of the parties, pursuant to *Pitard v. Schmittzsche*, 28-571 (La.App. 2 Cir. 8/21/96), 679 So.2d 515. Article 1951 provides as follows:

La.Code Civ.P. art. 1951. Amendment of judgment

A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:

6

(1) To alter the phraseology of the judgment, but not the substance; or

(2) To correct errors of calculation.

Article 1951, Official Revision Comment (b), cites *Glenn Falls Indemnity Company v. Manning,* 168 So. 787 (La.App. Orleans 1936), for the proposition that a permitted, non-substantive amendment is an amendment that takes nothing from and adds nothing to the original judgment. In the *Glenn Falls* case, which was governed by the source provision to La.Code Civ.P. art. 1951, article 547[1] of the Code of Practice, the plaintiff sued three defendants who had executed a promissory note in the plaintiff's favor. However, the judgment was rendered in favor of the plaintiff and "against the defendant, Paul E. Manning, et als." *Id.* The trial court subsequently amended the judgment to include the names of the other two defendants referred to as "et als." In affirming the lower court, the court of appeal analogized earlier cases allowing amendments to a final judgment; *see, Baptiste v. Southall*, 157 La. 333, 102 So. 420; *Shelly v. Dobbins*, 31 La.Ann. 530; *Succession of Julia Corrigan*, 42 La.Ann. 65, 7 So. 74; and stated as follows:

> So it will be seen from the foregoing that where the judgment is ambiguous, or contains a clerical error, the court has a right, even after the first judgment is signed, to interpret it, if such interpretation does not effect a substantial change in the decree. Thus, in the instant case, the only change made in the first judgment was to specifically name the three defendants as the parties cast in the first judgment. This change did not enlarge, or in any way alter the original decree which had been entered, but merely explained the use of the expression "et als." which had been inserted in the original judgment.

---

[1] Article 547 also provided that judgments may be amended by the court to alter the phraseology of the judgment, but not its substance; and to correct errors of calculation. It also provided that substantive revisions could be made by directing a new trial.

*Glen Falls Indem. Co.,* 168 So. at 788. The court in *Glenn Falls* further determined that this non-substantive change could be made without a contradictory hearing.

In that regard, La.Code Civ.P. art. 1951, Official Revision Comment (e) further explains that Article 1951 follows Federal Rule 60(a) in providing for notice at the discretion of the court, while Article 547 of the 1870 Code of Practice did not contain a similar provision. Notwithstanding, the earlier case of *Town of Mandeville v. Paquette*, 153 La. 33, 95 So. 391 (1922), also held that it was not error to correct the name of a defendant, erroneously described, without citing him to show cause why the correction should not be made. There, the defendant's name was corrected in the judgment from American Bonding Company to American Surety Company. These older cases cited in the comments to Article 1951 are still valid precedent and continue to be cited in more contemporary treatises.

In a fairly recent case, the fourth circuit allowed an amended judgment which, for the first time, granted an intervenor's claim which all parties knew was due. *Smith v. Juneau*, 95-0724 (La.App. 4 Cir. 4/9/97), 692 So.2d 1365. There, although the judgment was styled as an "amended judgment," the appellate court held that it was "really the original judgment as to the intervenor." *Id.* at 1382. Similarly, in *Flores v. Dibenedetto*, 01-194 (La.App. 4 Cir. 3/13/02), 811 So.2d 1283, *writ denied,* 02-1394 (La. 9/13/02), 824 So.2d 1168, the court allowed a trial judge to amend a judgment to correct the name of the defendant cast in judgment. The court further held that the trial court was not required to hold a contradictory hearing before making the change, because no new issues of fact or law that would reasonably change the outcome of the case existed. *Id*.

The jurisprudence is replete with numerous cases wherein Louisiana appellate courts have approved the use of amendments under this article where the

mistake or omission is evident from the record. *See, for example*, *Dufrene v. Gaddis,* 98-1294 (La.App. 5 Cir. 6/1/99), 738 So.2d 75, *writ denied,* 99-1867 (La. 10/8/99), 751 So.2d 220 (amended judgment to correct an error of calculation and properly give appellee credit for the amount it had originally granted to appellant); *Jackson v. North Bank Towing Corp.,* 98-1334 (La.App. 3 Cir. 3/3/99), 742 So.2d 1(amendment to correct erroneous statement that dismissal was under state's *forum non conveniens* doctrine instead of Jones Act when mistake was evident from the record); *Gotte v. Magnum Elec. Co., Inc.*, (La.App. 3 Cir. 1993) (original judgment referred to only one of two defendants and did not name the defendant referred to; court was able to ascertain the names of the defendants from the record and chose not to remand the case for the amendment of the judgment, referencing *Glen Falls Indemnity Co.*, 168 So. 787); *Shearman v. Simpson*, 264 So.2d 713 (La.App. 3 Cir. 1972) (amended to substitute tenant's name where five-year-old son with same name, except for middle initial, was served with landlord's petition for collection of past due rent).

 *See also*, *King v. Doctor's Hosp. of Opelousas*, 01-1534 (La.App. 3 Cir. 5/8/02), 817 So.2d 473, *writ denied,* 12-1553 (La. 9/30/02), 825 So.2d 1193 (the amended judgment did not effect a substantive change but merely used different and more specific words, phraseology, to specify the reservation of rights already incorporated into the original judgment via the approval and acceptance of the settlement agreement); *Kerr v. Kerr,* 479 So.2d 977 (La.App. 3 Cir. 1985) (amendment which merely changes the language of the judgment to express in percentage figures the former wife's community interest in husband's military pension is a change in phraseology); *Ryland v. St. Mary's Residential Training School*, 03-0027 (La.App. 3 Cir. 4/30/03), 843 So.2d 1237, *writ denied,* 03-1536 (La. 10/3/03), 855 So.2d 311(amendment merely altered the phraseology to specify for

purposes of enforcing the prior judgment that which was already incorporated into the prior judgment; i.e., medical items prescribed as treatment in conjunction with the lumbar fusion necessarily concomitant with the procedure itself).

Additional cases approving amended judgments include *Thompson v. Matthews*, 374 So.2d 192 (La.App. 4 Cir. 1979) (defendant's identity was fixed with certainty, so that the error in spelling his name was of little moment); *Wagenvoord Broadcasting Co. v. Blanchard*, 261 So.2d 257 (La.App. 4 Cir.), *writ refused,* 263 So.2d 48 (La.1972) (amended to correct the spelling of the defendant's name from Blanchard to Blancher, which was error of phraseology); *Morris v. New Orleans Public Service, Inc.*, 446 So.2d 457 (La.App. 4 Cir.), *writ denied,* 447 So.2d 1077 (La.1984) (amendment to assess costs against the defendant did not alter substance of the original judgment as evidenced by the court's statements in the record, even though the trial judge previously signed an original judgment assessing costs against the plaintiff).[2]

---

[2]*See also*, *Breithaupt v. Houston General Ins. Co.,* 398 So.2d 608 (La.App. 3 Cir. 1981) (court had authority to amend the judgment to reflect the true date that judgment was rendered, which did not change the substance of the judgment); *United Companies Financial Corp. v. Austin*, 618 So.2d 7 (La.App. 3 Cir. 1993) (amendment correcting the number of the lot owned by the plaintiff); *Willie v. American Cas. Co.,* 576 So.2d 1023 (La.App. 1 Cir.), *writs denied*, 584 So.2d 678 (La.1991) (amendment to reflect credit for payments made by other defendants who compromised and settled claims); *Woodard v. J & M Seafood Restaurant*, 413 So.2d 536 (La.App. 4 Cir. 1982) (amendment to fix the dates upon which the awarded benefits would begin and end was clarification and did not change substance of the original judgment); *Hurst v. Ricard,* 558 So.2d 1269 (La.App. 1 Cir.), *writ denied*, 559 So.2d 1378 (La.1990) (amendment correcting the bearing, but not the location, of points in boundary action); *Burmaster Tractor and Truck Service v. Degeorge*, 99-28 (La.App 5 Cir. 8/31/99), 742 So.2d 974 (amendment to correct typographical error regarding proper statutory subsection allowing offset); *Elmwood Federal Sav. & Loan Ass'n v. Sanco Louisiana, Inc.,* 557 So.2d 296 (La.App. 4 Cir. 1990) (amendment correcting error in calculation in deficiency judgment which had given the debtor credit for the proceeds from a sheriff's sale twice); *Consentino v. Consentino*, 521 So.2d 501 (La.App 4 Cir. 1988) (amendment "clarifying" original judgment that wife's fault was less than husband's by stating that wife's fault was not material and did not preclude her recovery of alimony); *Succession of Barone,* 505 So.2d 153 (La.App. 4 Cir. 1987) (amendment correcting the property description in a judgment of possession); *Ellis v. Allstate Ins. Co.,* 453 So.2d 1209 (La.App. 5 Cir. 1984) (amendment assessing a defendant previously cast for "all costs" to a specified amount in jury costs); *Matter of Roberts,* 449 So.2d 116 (La.App. 4 Cir. 1984) (amendment modifying child support obligation to reflect parties' original agreement); *Goodwin v. Gulledge,* 391 So.2d 883 (La.App. 3 Cir. 1980) (amendment correcting suit number).

The defendants cite several cases for the proposition that changing the name of a party cast in judgment, or adding a party's name to a judgment, is a change of substance, not phraseology. However, all of the cited cases are factually distinguishable where each of them involved *changing*, *substituting, or adding to, existing names* of defendants *already specifically listed* in the judgment, resulting in a judgment against *different defendants*, than those listed in the original judgment.

Conversely, in the judgment at issue herein, no defendants were named at all. Here, the plaintiffs did not seek to change or substitute one named defendant for another, nor were they seeking to *add* a defendant to an existing list of defendants in the judgment. Rather, the Crosses sought to change the phraseology from referencing the defendants collectively in the judgment as "the defendants," as defense counsel himself did on numerous occasions, to specifically naming each defendant referenced. To disallow insertion of the actual names of the collectively referred to "defendants" in the present case, would be tantamount to negating all of the relief granted to the Crosses since no defendants were cast in judgment by name on the original judgment.

The cases cited by the defendants are factually distinguishable from the present circumstances. More specifically, in *Aufrichtig v. Progressive Men's Club of Louisiana, Inc.*, 25,031 (La.App. 2 Cir. 9/26/01), 795 So.2d 1228, *writ denied,* 01-2862 (La. 1/11/02), 807 So.2d 239, the second circuit upheld the trial court's refusal to amend a judgement that listed three defendants in the preamble of the judgment but named only two of the defendants as against whom relief was granted in the body of the judgment. There, the appellate court stated that the

> preamble listed the defendants as "Louisiana Underwriter's
> [sic] Insurance Company and the Progressive Men's Club
> of Louisiana, Inc., and [t]he Shreveport Men's Club."
> However, in every instance in which relief was granted in

11

> this judgment, it referred only to the Louisiana Underwriters Insurance Company and to Progressive Men's Club of Louisiana, Inc. No relief was granted to the plaintiff against the Shreveport Progressive Men's Club, Inc. . . . .

*Aufrichtig*, 795 So.2d at 1229.

There, where the plaintiff sought to strike out "Progressive Men's Club of Louisiana, Inc." and insert "Shreveport Progressive Men's Club, Inc.", as the defendant against whom judgment was rendered, the court acknowledged that the corporations involved were two separate corporate entities, one local, and one a state organization. The court affirmed the trial court's refusal to amend the judgment, stating that, "This is not a matter where the defendant's name is slightly incorrect, but a situation where two corporations were sued and judgment was rendered against only one." *Id.* at 1230. Here, the record is very clear that the four defendants were consistently referred to collectively as "the defendants" throughout the litigation, all were represented by one counsel, and at no time did any one defendant appear without the other three defendants. Moreover, the four defendants in unison appealed the original judgment listing them as "the defendants," and we affirmed the judgment as to those four defendants. The plaintiff is not seeking to change or substitute one name for another but to insert the individual names of the four defendants who filed the previous appeal.

Likewise, in *Frisard v. Autin,* 98-2637 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, *writ denied,* 00-126 (La. 3/17/00), 756 So.2d 1145, also cited by the defendants, three parties were named as defendants in reconvention. Judgment was rendered against only one party but was amended by the trial court to add a second name. The trial court then declared the amendment a nullity, and the appellate court affirmed the nullity, indicating that to later add a name adds something of substance to

12

the original judgment. Conversely, in the present case, while no defendants were named, *all* defendants were referenced, and therefore, no defendants are being *added* to the judgment. Rather, the group of four collectively referred to in the judgment and other pleadings as "the defendants" are merely being specifically named without changing the substance of the judgment.

In another case cited by the defendants, *Tunstall v. Stierwald*, 01-1765 (La. 2/26/02), 809 So.2d 916, an original judgment was rendered against various named defendants. There, the parties cast in judgment were the defendant, Stierwald, and the defendant, "Phoenix/Travelers Insurance Company," which was a nonexistent insurance company. Phoenix Insurance had not been sued but had answered the suit, noting that Travelers Insurance had been improperly named. Travelers never answered, and no default was taken. However, the trial court amended the judgment and cast both Phoenix Insurance and Travelers Insurance in judgment along with Stierwald. The fourth circuit affirmed, but the Supreme Court partially reversed, finding that the inclusion of Travelers was a substantive change in the judgment because Travelers never answered suit and no default was taken. This case is factually dissimilar and clearly inapposite.

In *Davenport v. Amax Nickel, Inc.*, 569 So.2d 23 (La.App. 4 Cir. 10/11/90), *writ denied,* 572 So.2d 68 (La. 1/4/91), also cited by the defendants, the plaintiff sued Amax and its supervisor, Buckhannon. A summary judgment was granted on behalf of the defendants, but the judgment listed only one defendant, Amax. Subsequently, the trial judge amended the judgment to include the other defendant, Buckhannon. The fourth circuit vacated the trial court's amended judgment finding the change substantive, then itself amended the original judgment to include Buckhannon under La.Code Civ.P. art. 2164, which allows the appellate court to render any

13

judgment which is just, legal, and proper upon the record on appeal. Once again, the cited case is distinguishable because the original judgment in *Davenport* named one defendant and then sought to *add* another named defendant.

The defendants also cite *Houston Oil Field Material Company, Inc. v. Pioneer Oil and Gas Company, Inc.*, 211 So.2d 681 (La.App. 4 Cir. 1968), *appeal after remand*, 236 So.2d 536 (La.App. 4 Cir.), *writ denied*, 239 So.2d 363 (La.1970), where a default judgment was rendered against the named corporate defendant followed by the words, "in solido." The corporation's president had signed the note sued upon in both his personal/individual capacity and in his corporate capacity. The judgment was then amended to add the individual's name after the corporation's name and immediately before the words, "in solido." The fourth circuit annulled the judgment and remanded the case for a contradictory hearing. Following the hearing, the trial court amended the judgment to again add the name of the individual as a party cast in judgment. The fourth circuit reversed, finding that the trial court could not alter its judgment after the delays for a new trial or appeal had run.

Again, all of the cited cases involve judgments rendered against some, but less than all, of the defendants in the litigation. In each case, the amendment sought to add a defendant's name to an existing list of defendants already cast in judgment. However, in the present case, the judgment in favor of the Crosses casts no named defendant in judgment. Rather, the four defendants are referred to generally and collectively as "defendants" in the opening and closing paragraphs of the judgment. Listing the four referred-to "defendants" in the amended judgment does not alter the substance of the original judgment or grant additional relief. Rather, the amendment clarifies the identity of the four original defendants whose names appear repeatedly in the record, and whose own attorney referenced "collectively as defendants."

14

The defendants refer to language in *Houston Oil Field Material Company, Inc.*, which indicates that the names of the defendants "must be clearly identifiable on the face of the Judgment itself without resort to examination of the proceedings from which it emanated." *Id.* at 685. However, as the Crosses argue, this dicta from the 1968 fourth circuit case is in direct conflict with the language in *Seikmann v. Kern,* 68 So. 128 (La.1915), which held that a judgment expressed to be for "the plaintiff" or against "the defendant" will be sufficient, if the names of the parties thus designated can be ascertained without ambiguity from other parts of the record. *Id.* at 129. Moreover, it is in conflict with the numerous cases cited herein which look to the record in order to correct errors and omissions. Indeed, no inaccuracy, regardless of how slight, can be corrected without reference to the record of the proceedings.

In a very recent workers' compensation case, *Dubose v. Plant Depot*, 05-1149 (La.App. 4 Cir. 5/17/06), 933 So.2d 814, the Office of Workers' Compensation (OWC) rendered a default judgment against the entity that the claimant had incorrectly named as his employer, Plant Depot, which appears to have been an "a/k/a," instead of Plant and Palm Depot. The claimant filed a motion to amend the default judgment, and the employer filed an exception of prescription. The OWC judge overruled the exception of prescription and granted the motion to amend. In affirming the OWC judge, the appellate court opined that the OWC had correctly applied the procedural law regarding the amendments of judgments, where the OWC stated in its reasons for judgment:

> [T]he analysis (and which is consistent with all case law on this point of changing the defendant's name) revolves around a fact determination. Specifically, was the party who was served, who was aware of the lawsuit, who chose to defend or ignore the demands and/or lawsuit, who was involved in the actions that were the basis of the cause of action of the lawsuit-was that party the one and the same in

15

reality as the defendant whose name was misspelled or incorrect on the judgment?

In cases where the answers to these questions was [sic] "no," then the change of the name of the defendant was a "substantive change" and therefore could not be changed in a final judgment.

In cases where the answer to those questions were [sic] "yes," then the change of the name was not substantive. See *Wagenvoord Broadcasting Co. v. Blanchard*, 261 So.2d 257 (La.App. 4 Cir.), *writ refused,* 263 So.2d 48 (La.1972); and *Shearman v. Simpson*, 264 So.2d 713 (La.App. 3 Cir. 1972); and *Thompson v. Matthews*, 374 So.2d 192 (La.App. 4 Cir. 1979). Succinctly stated, "Was the identity of the defendant fixed with certainty" so that the error in spelling his name (or incorrect name) is of little moment?

*Dubose*, 933 So.2d at 816-17.

The fourth circuit panel then stated that "The jurisprudence the OWC cited accurately reflects that when the identity of the defendant is fixed with certainty, the amendment of the judgment to correctly reflect the name of the defendant is not a substantive change. *Thompson,* 374 So.2d at 193." *Id.* at 817. Accordingly, where the court of appeal found that the record supported the OWC's factual finding that the identity of the employer was certain, the court affirmed the OWC's decision to allow the default judgment to be amended.

Similarly, in the present case, the names of the four defendants were fixed with certainty throughout the litigation, by the plaintiffs in their petition and all subsequent pleadings, and by the defendants themselves in their pleadings, referencing themselves "collectively" as "the defendants" on occasion, and at trial, and in particular in their previous appeal of the original judgment, Appeal No. 04-1623. Moreover, this court further fixed the defendants with certainty by naming them in our decision in *Cross v. Timber Trails Apartments*, 899 So.2d 853, wherein we affirmed the original judgment and the awards therein. The amendment of that judgment by the trial court

16

has clearly done nothing to change the substance of the judgment that we ruled upon in that case.

## IV.

## <u>CONCLUSION</u>

Based upon the foregoing, the amended judgment of the trial court is affirmed, and the defendants, Timber Trails Apartments, a Louisiana Partnership, T. F. Management, Inc., Thomas L. Frye, and Timber Trails Apartments II, a Louisiana Partnership In Commendam, are cast in judgment for all elements of the awards made in the original judgment, and for all costs of this appeal.

**AFFIRMED**.